**GRIFFITH & THORNBURGH, LLP**
ATTORNEYS AND COUNSELORS
8 EAST FIGUEROA STREET, SUITE 300
SANTA BARBARA, CA 93101-2762
TELEPHONE: 805-965-5131
TELECOPIER: 805-965-6751

Craig Price, Bar No. 51361 price@g-tlaw.com

Joseph M. Sholder, Bar No. 126347 sholder@g-tlaw.com

Attorneys for Defendant Santa Barbara Unified School District

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR EDUCATION SANTA BARBARA, INC., a 501(c)(3) organization,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA BARBARA UNIFIED SCHOOL DISTRICT, a public school district; and JUST COMMUNITIES CENTRAL COAST, INC., a 501(c)(3) organization,<br><br>Defendants. | CASE NO.: 2:18-cv-10253-SVW-(PLAx)<br><br>ANSWER OF THE SANTA BARBARA UNIFIED SCHOOL DISTRICT TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Defendant Santa Barbara Unified School District (SBUSD) answers the complaint for declaratory and injunctive relief of Fair Education Santa Barbara, Inc. as follows:

1. SBUSD denies the allegations of paragraph 1 of the complaint.

2. SBUSD admits that the complaint seeks a declaratory judgment and an injunction but denies the remaining allegations of paragraph 2 of the complaint.

3. SBUSD admits that the chart on page 2 of the complaint is included in the Just Communities of the Central Coast Inc.'s materials, but denies the allegations of paragraph 3 of the complaint.

4.  SBUSD admits that it has paid more than $1,000,000 to JCCC since 2013 and that entered into a contract with JCCC on or about October 9, 2018, for a total cost of $294,430, over half of which has already been paid, but denies the remaining allegations of paragraph 4 of the complaint.

5.  SBUSD denies the allegations of paragraph 5 of the complaint.

6.  SBUSD denies that it did not obtain the required conflict of interest statement from JCCC required by SBUSD Board Policy 3600.  SBUSD denies the remaining allegations of paragraph 6 of the complaint.

7.  SBUSD denies the allegations of paragraph 7 of the complaint.

8.  Paragraph 8 of the complaint does not allege facts which SBUSD must admit or deny.

9.  Paragraph 9 of the complaint does not allege facts which SBUSD must admit or deny.

10. SBUSD admits the allegations of paragraph 10 of the complaint.

11. SBUSD lacks sufficient information to admit or deny the allegations of paragraph 11 of the complaint and on that basis denies those allegations.

12.  SBUSD lacks sufficient information to admit or deny the allegations of paragraph 12 of the complaint and on that basis denies those allegations.

13. SBUSD admits the allegations of paragraph 13 of the complaint.

14. SBUSD admits it has been the recipient of state and federal funds. SBUSD lacks sufficient information to admit or deny whether it receives tax funds from members of Fair Communities.  SBUSD denies the remaining allegations of paragraph 14.

15. SBUSD admits the first two sentences of paragraph 15, but denies the remaining allegations of paragraph 15 of the complaint.

16. SBUSD admits the allegations of paragraph 16 of the complaint.

17. SBUSD admits the allegations of paragraph 17 of the complaint.

18. SBUSD denies the first sentence of paragraph 18 of the complaint.

SBUSD admits the second sentence of paragraph 18 of the complaint. SBUSD admits that it has paid JCCC $1,152,636.15 since 2014 to provide its programs to staff and students on a voluntary basis. SBUSD admits it entered into a new contract with JCCC on or about October 9, 2018, for the 2018-2019 school year to develop culturally proficient and equitable school communities to, among things, closing the educational achievement gap for a price of $294,430, over half of which has already been paid. SBUSD admits that a true and correct copy of the JCCC contract is attached to the complaint. SBUSD denies the remaining allegations of paragraph 18 of the complaint.

19.   SBUSD denies the allegations of paragraph 19 of the complaint.

20.   SBUSD denies the allegations of paragraph 20 of the complaint.

21.   SBUSD admits that Plaintiff selectively quoted from the materials attached as Exhibit B to the complaint.

22.   SBUSD denies the allegations of paragraph 22 of the complaint.

23.   SBUSD denies the first sentence of paragraph 23 of the complaint. SBUSD lacks sufficient information to admit or deny the remaining allegations of paragraph 23 of the complaint and on that basis denies those allegations.

24.   SBUSD admits that Plaintiff selectively cites from the materials attached as Exhibit B to the complaint, which were adapted from the Applied Research Center, a national racial justice think tank.

25.   SBUSD denies the allegations of paragraph 25 of the complaint.

26.   SBUSD denies the allegations of paragraph 26 of the complaint.

27.   SBUSD denies the allegations of the first sentence of paragraph 27 of the complaint. SBUSD admits that all manner of racist graffiti, denigrating various racial and ethnic groups, has sporadically appeared at various of SBUSD's twenty-two school over the years, but denies that graffiti had anything to do with the JCCC program as implied by paragraph 27 of the complaint. SBUSD is informed and believes and on that basis responds that the graffiti at the Santa Barbara

Mission referenced in paragraph 27 of the complaint related to the Spanish conquest of the indigenous peoples and did not mention SBUSD, JCCC, or the JCCC program or contain any anti-white slogans.

28. SBUSD admits that a draft MOU was submitted to the SBUSD board at the September 11, 2018, board meeting, but that the board took no action at that meeting.

29. SBUSD admits that at the September 11, 2018, board meeting Plaintiff's lawyer alone, but no parents or teachers, raised any concerns about the JCCC MOU described in paragraph 29 and that the JCCC MOU was tabled for further consideration to another meeting. SBUSD denies the remaining allegations of paragraph 29 of the complaint.

30. SBUSD admits that at the October 9, 2018, board meeting, approximately three persons, including Plaintiff's counsel and no one who identified themselves as a teacher, requested that SBUSD publish the JCCC copyrighted materials; that SBUSD did not publish those materials; that a demand was made by Plaintiff's counsel, one other person, and perhaps one other person, that the JCCC contract be submitted for public bidding and that the JCCC contract was not publicly bid. SBUSD denies the remaining allegations of paragraph 30 of the complaint.

31. SBUSD admits that a renewed one-year contract with JCCC for $294,430 was approved by the SBUSD board at the October 9, 2018, meeting, and that that contract has been partially consummated.

32. SBUSD admits the allegations of paragraph 32 of the complaint.

## COUNT 1

### Violation of 42 U.S.C. § 2000d et. seq.

33. SBUSD incorporates by reference its responses to paragraphs 1 to 32 of the complaint.

34. SBUSD denies the allegations of paragraph 34 of the complaint.

35. Paragraph 35 of the complaint states a legal conclusion not a factual allegation that SBUSD must admit or deny.

36. Paragraph 36 of the complaint states a legal conclusion not a factual allegation that SBUSD must admit or deny.

37. SBUSD denies the allegations of paragraph 37 of the complaint.

38. SBUSD denies the allegations of paragraph 38 of the complaint.

## COUNT II

### Violation of 42 U.S.C. § 2000d et. seq.

39. SBUSD incorporates by reference its responses to paragraphs 1 to 38 of the complaint.

40. SBUSD admits the allegations of paragraph 40 of the complaint.

41. SBUSD denies the allegations of paragraph 41 of the complaint.

42. SBUSD denies the allegations of paragraph 42 of the complaint.

43. SBUSD denies the allegations of paragraph 43 of the complaint.

## COUNT III

### Violation of California Government Code § 11135

44. SBUSD incorporates by reference its responses to paragraphs 1 to 44 of the complaint.

45. Paragraph 45 of the complaint states a legal conclusion not a factual allegation that SBUSD must admit or deny.

46. SBUSD admits the allegations of paragraph 46 of the complaint.

47. SBUSD denies the allegations of paragraph 47 of the complaint.

48. SBUSD denies the allegations of paragraph 48 of the complaint.

49. SBUSD denies the allegations of paragraph 49 of the complaint.

50. SBUSD denies the allegations of paragraph 50 of the complaint.

## COUNT IV

### Violation of California Education Code § 220

51. SBUSD incorporates by reference its responses to paragraphs 1 to 51

of the complaint.

52. Paragraph 52 of the complaint states a legal conclusion not a factual allegation that SBUSD must admit or deny.

53. SBUSD admits the allegations of paragraph 53 of the complaint.

54. SBUSD denies the allegations of paragraph 54 of the complaint.

55. SBUSD denies the allegations of paragraph 55 of the complaint.

56. SBUSD denies the allegations of paragraph 56 of the complaint.

57. SBUSD denies the allegations of paragraph 57 of the complaint.

## COUNT V

### Violation of California Education Code § 60044

58. SBUSD incorporates by reference its responses to paragraphs 1 to 58 of the complaint.

59. Paragraph 59 of the complaint states a legal conclusion not a factual allegation that SBUSD must admit or deny.

60. SBUSD denies the allegations of paragraph 60 of the complaint.

61. SBUSD denies the allegations of paragraph 61 of the complaint.

62. SBUSD denies the allegations of paragraph 62 of the complaint.

## COUNT VI

### Violation of California Public Contracts Code § 20111

63. SBUSD incorporates by reference its responses to paragraphs 1 to 62 of the complaint.

64. Paragraph 64 of the complaint states a legal conclusion not a factual allegation that SBUSD must admit or deny.

65. Paragraph 65 of the complaint states a legal conclusion not a factual allegation that SBUSD must admit or deny.

66. SBUSD admits it entered into a renewed contract with JCCC on or about October 9, 2018, for the 2018-2019 school year to develop culturally proficient and equitable school communities to, among things, close the

1 educational achievement gap for a price of $294,430.

2  67. SBUSD denies the allegations of paragraph 67 of the complaint.

3  68. SBUSD denies the allegations of paragraph 68 of the complaint.

4  69. SBUSD admits that the JCCC contract wasn't publicly bid and that the contract was unanimously approved by SBUSD's board.  SBUSD denies the remaining allegation of paragraph 69 of the complaint.

7  70. SBUSD denies that there are any real, actual or potential conflicts of interest because of the alleged relationships described in paragraphs 70.a through 70.h of the complaint.

10  71. SBUSD denies the allegations of paragraph 71 of the complaint.

11  72. SBUSD denies the allegations of paragraph 72 of the complaint.

## AFFIRMATIVE DEFENSES

13  1. The complaint and each count therein fail to state a cause of action upon which relief may be granted.

15  2. Plaintiff lacks standing to bring the claims stated in the complaint.

16  3. This court lacks supplemental jurisdiction over Counts II, III, IV, V, and VI of the complaint pursuant to 28 U.S.C. § 1367(a).

18  4. This court should exercise its discretion to decline to exercise supplemental jurisdiction over Counts II, III, IV, V, and VI of the complaint pursuant to 28 U.S.C. § 1367(c).

21  5. All actions taken by SBUSD's board of education complained of in the complaint are lawful under the broad authority granted to the board by California Education Code § 35160.

24  6. All the counts of the complaint are barred by the statute of limitations.

25  7. All the counts of the complaint are barred by the doctrine of laches.

26  8. SBUSD was authorized to enter into the renewed JCCC contract without competitive bidding under California law because JCCC provides SBUSD with professional under California Public Contracts Code § 20111(d) or special

services under California Government Code § 53060.

**PRAYER FOR RELIEF**

WHEREFORE, SBUSD respectfully prays for the following relief:

1. That judgment be entered for SBUSD and against Plaintiff on all Plaintiff's claims for relief.

2. For an award of attorney's fees and costs.

3. For such other and further relief as the Court deems just and proper.

Dated: January 4, 2019         GRIFFITH & THORNBURGH, LLP


                               By:  */s/ Joseph M. Sholder*
                                    Attorneys for Defendant Santa
                                    Barbara Unified School District

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed by the law firm of GRIFFITH & THORNBURGH, LLP in the county of Santa Barbara, state of California. I am over the age of 18 and not a party to the within action. My business address is 8 East Figueroa St., #300, Santa Barbara, California 93101. My email address is downs@g-tlaw.com.

On Jan. 4, 2019, I served the foregoing document described as **SANTA BARBARA UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT** on the parties and/or interested persons in this action as follows:

[ X ] **BY ELECTRONIC MAIL SERVICE**

I caused the above document(s) to be electronically mailed through the ECF System of the United States District Court to the recipients as follows:

Attorneys for Plaintiff: eearly@earlysullivan.com; pscott@earlysullivan.com; ecfnoticing@earlysullivan.com; evillarreal@earlysullivan.com; esilverman@earlysullivan.com

[ X ] **BY OVERNIGHT DELIVERY:** I deposited such envelope in a facility regularly maintained by FedEx with delivery fees fully provided for or delivered the envelope to a courier or driver of FedEx authorized to receive documents at 8 East Figueroa Street, Suite 300, Santa Barbara, California 93101-2762 with delivery fees fully provided for, to the following:

    Judge Stephen V. Wilson-Mandatory Chamber's Copy
    United States District Court, Central District of California
    First Street Courthouse, 350 W. 1st Street, 10th Floor, Courtroom 10A
    Los Angeles, California 90012

[ X ] **BY MAIL:** The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Santa Barbara, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

    <u>Defendant Just Communities Central Coast, Inc.</u>
    Sarah E. Piepmeier, PC
    Kirkland & Ellis, LLP
    555 California Street
    San Francisco, CA 94104

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on Jan. 4, 2019, at Santa Barbara, California.

                       ___ /s/_*Evelyn R. Downs*_____
                             Evelyn R. Downs